· STATE OF IOWA, appellee, v. WALDO M. WISSLER, appellant.

No. 50535.

MARCH 6, 1962.

Waldo M. Wissler, of Davenport, appellant and attorney pro se.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Martin D. Leir, County Attorney, Scott County, for appellee.

LARSON, J.—Defendant, a motorist, herein contends the District Court erred in affirming a judgment of the Justice of the Peace finding him guilty of entering a Davenport, Iowa, street intersection legally designated and posted as a stop intersection by the Iowa State Highway Commission.

The matter was submitted to both the District Court and to us on the following stipulation:

"1. April 24, 1961, defendant drove his car easterly on River Drive in Davenport, Iowa, entered its intersection with McClellan Blvd. and drove northerly thereon without stopping before entering said intersection, at which time he was arrested by Davenport policemen and handed the attached 'Summons', number 10334.

"2. A tracing from the City Engineer's map of the streets and intersection in question is attached; it is approximately correct and shall be admitted as evidence without objection.

"3. The two streets named also intersect with 'East River Drive', a 4-lane, heavily-travelled primary highway numbered U. S. 67, as shown on the map.

"4. U. S. 67 is a duly designated primary highway of the state and is protected by stop signs as provided by law. Stop signs directing eastbound River Drive traffic and southbound McClellan Blvd. traffic to stop are located approximately where shown on the map. They were legally erected by the Iowa Highway Commission and have been maintained by it for a great many years.

"5. At the hearing in Davenport Police Court April 25, 1961, the charge based on the summons in question was dismissed and the information herein pertinent was issued instead. Defendant acknowledged service, consented to immediate hearing and pleaded 'Not Guilty'. Trial was had, he was found guilty of violating Sec. 321.322 and fined $5.00.

"6. The city of Davenport duly adopted its ordinance No. 46 establishing 'Through' streets in the city. McClellan Blvd. has never been designated such a street nor are there any other stop signs along it, on either side."

The intersection being somewhat unusual, a map, copied from the location of the stop sign in question, follows:

The street designated as E. River Drive is primary highway U. S. 67, and River Drive and McClellan Blvd. are both short city streets. All join at a common intersection, and there is a rather large island dividing McClellan Blvd. at its entrance to the intersection.

When apprehended by policemen, defendant had approached this intersection from the west on River Drive. He did not stop at the stop sign and did not continue straight into the intersection around the right of the island before turning north on McClellan Blvd. but cut to his left on the left side of the island and thence northward on McClellan as indicated by the dotted line on the map.

He was charged with failing to obey a stop sign located under the provisions of section 321.322, Code of 1958. Pursuant to his plea of "not guilty" he was tried, found guilty and fined $5 by a local Justice of the Peace. Feeling aggrieved he appealed and on August 3, 1961, the matter was submitted to the District Court who seemed to have no compassion for the learned barrister, and affirmed the judgment. While we sympathize with defendant counselor, we find we must also affirm the judgment.

I. The only real question before us in this case is as to the meaning and scope of section 321.322, Code of 1958. If the Highway Commission was authorized to designate this entire intersection as a stop intersection and did establish proper stop signs thereon then defendant's admitted failure to stop before proceeding into that intersection was a violation of that law and his conviction was proper. This must be so regardless of whether he turned left into McClellan Blvd. or right into U. S. 67 after he entered the intersection.

No question is raised as to the propriety of the place where the stop sign was placed and none as to its type or style. Defendant's only contention is as to its application to him when he goes from River Drive into McClellan Blvd., both nonstop city streets.

. Section 321.322 provides: "The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to

stop which are within the intersection or approaching so closely as to constitute a hazard, but may then proceed."

An intersection is defined in section 321.1, paragraph 54, as follows: " 'Intersection' means the area embraced within the * * * lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, *or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.*" (Emphasis supplied.)

We should refer to one more Code section in view of defendant's contention this stop sign was not properly established. Section 321.345 provides in part: "The state highway commission with reference to primary highways, and local authorities with reference to other highways under their jurisdiction may designate through highways and erect stop signs at specified entrances thereto or may designate any intersection as a stop intersection and erect like signs at one or more entrances to such intersection. * * *."

█ We are not in doubt that where a primary highway is a part of an intersection the Highway Commission has the authority to place stop signs at all entrances to that intersection and under that authority did so.

While this intersection is rather unusual it is not so far from the typical "X" intersection where one side of the X is a through highway and the other made up of two ordinary streets not designated through streets. Yet, because there is danger vehicles traveling from one such street to the other through this intersection "may come in conflict" with through traffic, stop signs are usually deemed necessary.

Here defendant himself admits that if he had proceeded straight ahead to enter McClellan Blvd. on the right of the island he would be in danger of coming into conflict with traffic moving on U. S. Highway 67.

█ It is therefore our conclusion the stop signs placed as indicated on the plot at the entrance to the intersection were authorized, were properly established by the highway commission, and that all traffic proceeding eastward on River Drive and south on McClellan Blvd. is required to stop before entering

the common intersection of U. S. 67, River Drive and McClellan Blvd.

While defendant's left turn cut only the corner of the intersection and kept him free from through traffic on U. S. 67, it did endanger vehicles entering that intersection from the north on McClellan, as well as traffic departing northward from the common intersection onto McClellan Blvd.

We find no merit in defendant's contention that he merely drove from one nonstop city street to another. He simply ignores the state authority exercised over the entrance to an intersection involving a primary highway. The judgment appealed from therefore must be affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.